IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2004-BO

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| SANDRA THOMAS,<br>Respondent. | )<br>)<br>) | |

This matter comes before the court on the motion for summary judgment (DE # 15) pursuant to Federal Rule of Civil Procedure 56 by respondent Sandra Thomas (hereinafter "respondent"). Petitioner was given notice of the pending summary judgment and has responded. Furthermore, petitioner has filed a motion for leave to file motion to strike unexhausted claim (D.E. # 6), motion for temporary restraining order or motion for preliminary injunction (D.E. # 12), motion for interrogatories and request for production of documents (D.E. # 18), motion for leave of court for depositions (D.E. # 19), motion for deposition (D.E. # 20), motion for leave of court to file discovery (D.E. # 21), motion for request for production of documents (D.E. # 22), motion for court order to provide a polygraph test (D.E. # 27), motion for stay (D.E. # 32) motions to compel (D.E. # 33, 34, and 35), motion for summary judgment (D.E. # 37), affidavits (D.E. # 5, 13, 38, 41, 42, and 43), letters (D.E. # 4, 23, 26, 28, 29, 30, and 40), and notices (D.E. # 7, 31). The matter is ripe for adjudication.

STATEMENT OF CASE

Stuart Wayne Tompkins (hereinafter "petitioner") is a state inmate. He is incarcerated and serving a sentence for 1998 convictions of first-degree sexual offense and indecent liberties with a

child. Petitioner was housed at Lumberton Correctional Institution at the time of the disciplinary proceedings which are challenged within this petition. Thus, this habeas corpus petition does not challenge his state sentence. The issues arise from a September 16, 2009, prison disciplinary conviction for an A98 offense in which he was found guilty of making a false statement. He also challenges a guilty plea to a November 25, 2009, prison disciplinary conviction for B18 and C02 offenses. The conduct at issue in the November conviction was for statements he made to an officer after the officer would not turn the television channel. For the disciplary convictions, petitioner received sentences which included the loss of good time credit. (thirty days for the September conviction and twenty days for the November convictions) Petitioner did not appeal the September disciplinary conviction, but did appeal the November disciplinary convictions. On January 8, 2010, Hattie Pimpong, Chief Disciplinary Hearing Officer, denied the appeal of the November convictions.

DISCUSSION

I.  Standard of Review

In considering respondent's motion for summary judgment, the court views the evidence in the light most favorable to petitioner and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the court need not accept petitioner's "legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) (quotations omitted) (discussing Rule 12(b)(6) of the Federal Rules of Civil Procedure); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

II. Analysis

Petitioner has failed to exhaust his state court remedies prior to filing this § 2254 action. Section 2254(b)(1) provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant . . .

Section 2254(c) states that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In North Carolina, a petitioner has the right to raise a claim in state court challenging a disciplinary conviction. See Price v. Wadsworth, No. 5:02-HC-201-H, 3 (E.D.N.C. dismissed Feb. 10, 2003) (stating that the Superior Court of Chowan County considered the merits of the petitioner's challenge to his disciplinary action), aff'd 68 Fed. Appx. 471 (4th Cir. July 2, 2003) (unpublished); see generally Blount v. Johnson, No. 2:06CV132, 2006 WL 2076771, * 6 (E.D.Va. July 24, 2006) (unpublished) (holding that a petitioner must exhaust his state court remedies to proceed in federal court with a § 2254 action based upon disciplinary proceedings.); Jones v. Johnson, No. 2:04CV566, 2005 WL 1279176, *2 (E.D. Va. May 27, 2005) (unpublished); and see, generally, Jones v. McNeil, 2008 WL 2222273, *6 and n.5 (S.D. Fla. 2008).

3

In this case, petitioner has not challenged the disciplinary convictions in state court. Because petitioner may further challenge his disciplinary proceedings in state court, this action is DISMISSED without prejudice to allow him the opportunity to exhaust his state court remedies.

CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 15) is GRANTED, and the matter is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his state court remedies. Having so determined all other pending motions are DENIED as MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this _15_ day of November 2010.

TERRENCE W. BOYLE
United States District Judge

4